IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FREDERICK J. BARTON
A.D.C. # 142505                                                                                    PLAINTIFF

v.                                         No. 4:12-cv-73-DPM

DAVID SUDDUTH                                                                                  DEFENDANT

ORDER

1. Frederick J. Barton, an Arkansas Department of Correction inmate, moves to proceed *in forma pauperis*. The average monthly deposit in his account at the Grimes Unit for the six months before he submitted his application was $7.67. *Document No. 1*. Barton's motion to proceed *in forma pauperis*, Document No. 1, is therefore granted. He must pay nonetheless. His present custodian, the Warden of the Grimes Unit or his designee, will collect from Barton's prison trust account the $350.00 filing fee by collecting the $1.53 initial partial filing fee, as well as monthly payments amounting to 20% of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the Grimes Unit, 300 Corrections Drive, Newport, Arkansas 72301.

**2.** This Court must also screen his complaint. 28 U.S.C. § 1915A. Barton alleges that his public defender, David Sudduth, did not adequately represent him in his criminal proceedings in 2005 and 2008. While there are other legal defects, Barton's lawsuit is certainly premature. Success in this § 1983 action would imply that his conviction is invalid. Thus, he may bring suit under § 1983 only after his conviction is reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996). The Court also notes that Mr. Sudduth is not considered a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). And Barton's claims appear to be time-barred. *Baker v. Chisom*, 501 F.3d 920 (8th

Cir. 2007). Barton's complaint, *Document No. 2*, is therefore dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 February 2012